UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Praxair Distribution, Inc., | Case No. 18-cv-1321 (WMW/SER) |
| Plaintiff, | |
| v. | **ORDER** |
| Irish Oxygen Company, | |
| Defendant. | |

This matter is before the Court on Defendant Irish Oxygen Company's appeal of United States Magistrate Judge Steven E. Rau's March 20, 2019 denial of its motion for leave to amend the pleadings, (Dkt. 57), and on Plaintiff Praxair Distribution, Inc.'s request to file a summary judgment motion before discovery has closed, (Dkt. 65). Each matter is addressed in turn.

### I.  Appeal of the March 20, 2019 Order

Irish Oxygen Company (Irish Oxygen) appeals the magistrate judge's denial of its motion for leave to amend the pleadings. Irish Oxygen argues that the magistrate judge's decision was based only on a finding of undue delay and that undue delay, without a showing of prejudice, is an insufficient basis for denial.

Review of a magistrate judge's ruling on a nondispositive issue is "extremely deferential," *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008), and a ruling will be modified or set aside only if it is clearly erroneous or contrary to law, 28 U.S.C. § 636(b)(1)(A). A magistrate judge's ruling is clearly erroneous when, although there is

evidence to support the ruling, after examining the entire record, the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted). A magistrate judge's ruling is contrary to law when it either fails to apply or misapplies pertinent statutes, case law or rules of procedure. *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1043 (D. Minn. 2010).

A federal district court has discretion to grant leave for a party to amend its pleadings and "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *accord Foman v. Davis*, 371 U.S. 178, 182 (1962). But a court may refuse a party's request for leave to amend the pleadings when it finds "undue delay, bad faith or dilatory motive on the part of the movant, . . . [or] futility of amendment." *Foman*, 371 U.S. at 182. "In most cases, delay alone is insufficient justification; prejudice to the nonmovant must also be shown." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (internal quotation marks omitted).

Prejudice to the nonmoving party exists, for example, when the nonmoving party has completed extensive discovery and "a new counterclaim advanced at [a] late date would necessarily reopen much of the discovery." *Mercantile Tr. Co. Nat'l Ass'n v. Inland Marine Prods. Corp.*, 542 F.2d 1010, 1013 (8th Cir. 1976). However, a magistrate judge need not explicitly address the issue of prejudice. District courts have affirmed a magistrate judge's denial of leave to amend when prejudice can be inferred from the record. *See, e.g.*, *Damon v. Groteboer*, 2013 WL 53833, at *2 (D. Minn. Jan. 3, 2013) (affirming denial of leave to amend because party admitted that introduction of the amendment would require

supplemental expert reports); *cf. Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981) (reversing district court's refusal to grant leave based on undue delay because the district court did not "state in what way the defendants were prejudiced by the plaintiffs' delay, *and* [the Eighth Circuit was] convinced that no significant prejudice did result" (emphasis added)).

At the March 20, 2019 hearing, Praxair Distribution, Inc. (Praxair), argued that Irish Oxygen acted in bad faith and proposed futile amendments. The magistrate judge rejected both of Praxair's arguments. Nonetheless, the magistrate judge denied Irish Oxygen's motion for leave to amend, concluding that Irish Oxygen acted with undue delay. Although the magistrate judge did not explicitly state that Praxair was prejudiced as a result of Irish Oxygen's delay, the record supports such a finding. The magistrate judge found, for example, that Irish Oxygen's conduct failed to abide by the requirement of a "just, speedy, and inexpensive determination" of the matter. Fed. R. Civ. P. 1. And Irish Oxygen admitted at the hearing that its proposed counterclaims would cost "a lot more money in discovery and a lot more work." By asserting new counterclaims that would open new channels of discovery, Irish Oxygen would prejudice Praxair in what the magistrate judge characterized as otherwise "essentially quite a simple case." *See Mercantile Trust*, 542 F.2d at 1013.

A review of the record indicates that the magistrate judge exercised his discretion in a sound manner. *See Wells Fargo*, 750 F. Supp. 2d at 1050. This Court is not "left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted). Nor is the magistrate judge's order contrary to the precedent in this circuit.

3

Accordingly, the Court affirms the magistrate judge's March 20, 2019 denial of Irish Oxygen's motion for leave to amend its pleadings.

## II. Letter Requesting Permission to File an Early Summary Judgment Motion

Praxair filed a letter on April 5, 2019, requesting permission to file a motion for summary judgment before the discovery deadline.[1] However, Irish Oxygen has a motion pending with the magistrate judge in which Irish Oxygen seeks an extension of the fact discovery deadline. Because there is an ongoing dispute as to whether additional fact discovery is needed, and because that dispute currently is pending before the magistrate judge, the Court declines to rule on Praxair's request at this time.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The March 20, 2019 order of the magistrate judge denying Defendant Irish Oxygen Company's motion to amend the pleadings, (Dkt. 52), is **AFFIRMED**.

2. Plaintiff Praxair Distribution, Inc.'s request to file an early summary judgment motion is **DENIED** as premature.

Dated: April 23, 2019
                                                         s/Wilhelmina M. Wright
                                                         Wilhelmina M. Wright
                                                         United States District Judge

---

[1] When Praxair filed its letter, the deadline for fact discovery had passed. However, the deadline for expert discovery had not yet passed.