UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Praxair Distribution, Inc., | Case No. 18-cv-1321 (WMW/BRT) |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |
| Irish Oxygen Company, | |
| Defendant. | |

---

This matter is before the Court on Plaintiff Praxair Distribution, Inc.'s (Praxair) second motion for default judgment. (Dkt. 108.) For the reasons addressed below, Praxair's motion is granted.

## BACKGROUND

Praxair is a corporation that sells industrial and medical gases. Defendant Irish Oxygen Company (Irish) was a customer of Praxair's since at least November 2014. Praxair initiated this lawsuit against Irish for nonpayment of invoices.

In June 2019, Irish's counsel moved to withdraw as its counsel. United States Magistrate Judge Steven E. Rau granted the motion to withdraw and imposed a deadline of October 1, 2019, for Irish to obtain new counsel and notify the Court of such. To date, Irish has not notified the Court that it obtained new counsel. On October 3, 2019, Praxair applied for entry of default, which the Clerk of Court promptly granted. Praxair now moves the Court for default judgment.[1]

---

[1] This is Praxair's second motion for default judgment.

## ANALYSIS

The entry of default judgment is a two-step process governed by Federal Rule of Civil Procedure 55. First, the party seeking default judgment must obtain an entry of default. Fed. R. Civ. P. 55(a). Second, the party seeking default judgment "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Because "the law does not allow a corporation to proceed *pro se*," proceeding *pro se* as a corporation is considered default. *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996); *accord Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").

Here, Irish has not had counsel since the magistrate judge granted its prior counsel's motion to withdraw. The magistrate judge directed Irish to hire new counsel and to notify the Court no later than October 1, 2019, of the new counsel. But Irish did not do so. Consequently, Irish is in default, and default judgment is appropriate here. *See Ackra Direct Mktg. Corp.*, 86 F.3d at 857.

Praxair has requested that the Court enter judgment against Irish in the amount of $661,863.04, based on a Praxair employee's sworn declaration and an itemized statement that Praxair submitted in support of its motion for default judgment. The Court finds that there is ample support for most of Praxair's requested award. However, there is a $209.94 inconsistency between the total amount reflected in Praxair's sworn employee declaration and the total amount reflected in Praxair's itemized statement. Because it is

Praxair's burden to demonstrate that it is entitled to default judgment in the requested amount, the Court resolves this $209.94 inconsistency against Praxair. For these reasons, the Court awards Praxair $661,653.10 in damages, an amount subject to increase based on the Bill of Costs that Praxair submits as to interest, costs, and attorneys' fees.[2]

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Praxair's second motion for default judgment, (Dkt. 108), is **GRANTED**.

2. Praxair is awarded $661,653.10 in damages against Defendant Irish Oxygen Company, subject to increase based on a Bill of Costs to be submitted by Praxair within 30 days after the date of this Order detailing the amount of interest, attorneys' fees, and costs sought.

Dated: January 9, 2020   s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge

---

[2] At the December 10, 2019 hearing on Praxair's motion, Praxair committed to provide the Court with a Bill of Costs detailing the amount of interest, attorneys' fees, and costs sought as part of its requested award.