UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Praxair Distribution, Inc.,   Case No. 18-cv-1321 (WMW/BRT)

               Plaintiff,

    v.   **ORDER**

Irish Oxygen Company,

               Defendant.

Before the Court is Praxair Distribution, Inc.'s (Praxair) supplemental request for attorneys' fees, non-taxable costs, and interest, (Dkts. 129, 132), and Praxair's motion for continued sealing, (Dkt. 135). For the reasons addressed below, Praxair's request for attorneys' fees, non-taxable costs, and interest is granted in part and denied in part. Praxair's motion for continued sealing is granted.

## BACKGROUND

Defendant Irish Oxygen Company (Irish Oxygen) was a customer of Praxair, a corporation that sells industrial and medical gases. Praxair commenced this action against Irish Oxygen for nonpayment of invoices for services provided by Praxair. The Court granted Praxair's motion for default judgment against Irish Oxygen and awarded Praxair $661,653.10 in damages, "subject to increase based on a Bill of Costs to be submitted by Praxair . . . detailing the amount of interest, attorneys' fees, and costs sought."

On February 10, 2020, Praxair sought to recover $288,867.75 in attorneys' fees, $20,667.99 in non-taxable costs not included in the Bill of Costs, and $200,328.34 in

interest on unpaid invoices. The Court denied Praxair's request without prejudice on April 2, 2020, because the record did not contain the parties' Product Supply Agreement—the agreement that forms the basis of Praxair's request for attorneys' fees, non-taxable costs, and interest. Praxair subsequently filed a supplemental request for attorneys' fees, non-taxable costs, and interest, which includes the Product Supply Agreement.

The Product Supply Agreement provides that, "[i]f any action is required to collect [Irish Oxygen's] delinquent account or otherwise enforce the terms and conditions of this Agreement, [Irish Oxygen] will pay [Praxair] all fees and costs of such collection, recovery or enforcement including reasonable legal fees and expenses." It also provides that, if Irish Oxygen fails to make timely payments or is otherwise in default of its obligations, Praxair reserves the right to "assess and collect from [Irish Oxygen] a monthly late charge on any delinquent balance equal to the lesser of eighteen percent (18%) per annum or the maximum charge permitted by law."

Praxair retained Bryan Cave Leighton Paisner LLP (Bryan Cave) to represent it in this litigation. Because Bryan Cave is based in Missouri, Praxair also retained Faegre Drinker Biddle & Reath LLP (Faegre Drinker) as local counsel. Bryan Cave has provided legal services to Praxair in the amount of $285,221. Pursuant to the fee arrangement, Praxair has been or will be billed $224,119.53 in attorneys' fees, and $19,279.65 in costs by Bryan Cave. Faegre Drinker has provided legal services to Praxair in the amount of $76,121. Pursuant to the fee arrangement, Praxair has been or will be billed $64,748.22 in attorneys' fees, and $2,089.54 in costs by Faegre Drinker, $1,388.34 of which are non-taxable costs. Accordingly, Praxair seeks an award of $288,867.75 in attorneys' fees, and

2

$20,667.99 in non-taxable costs.  Praxair also seeks interest on all outstanding invoices at a rate of 18 percent per annum in the amount of $200,328.34.

## ANALYSIS

### I.     Praxair's Request for Attorneys' Fees and Costs

In a diversity action, state law governs the availability of attorneys' fees when no conflicting federal statute or rule applies.  *Weitz Co. v. MH Washington*, 631 F.3d 510, 528 (8th Cir. 2011).  State law not only applies to the *availability* of attorneys' fees, but also provides the applicable standard for determining the amount of attorneys' fees.  *See Ryan Data Exch., Ltd. v. Graco, Inc.*, 913 F.3d 726, 735–36 (8th Cir. 2019) (applying Iowa law to district court determination of reasonable attorneys' fees and applicable burden of proof).  In this case, the Product Supply Agreement expressly provides that it is governed by Connecticut law.

Connecticut adheres to the American rule regarding attorneys' fees—in the absence of statutory or contractual authority to the contrary, a successful party is not entitled to recover attorneys' fees.  *Francini v. Riggione*, 219 A.3d 452, 458 (Conn. App. Ct. 2019).  Connecticut courts will award attorneys' fees and costs when provided for by a specific contractual term.  *Total Recycling Servs. of Conn., Inc. v. Conn. Oil Recycling Servs., LLC*, 63 A.3d 896, 904 (Conn. 2013).  Here, the Product Supply Agreement provides that, if Praxair is required to commence an action to enforce the terms and conditions of the agreement or collect on a delinquent account, Irish Oxygen will pay Praxair all fees and costs "including reasonable legal fees and expenses."  As such, Praxair is contractually entitled to reasonable attorneys' fees and costs.

3

If a contractual provision allows for reasonable attorneys' fees, courts consider several factors when determining what amount is reasonable. *Francini*, 219 A.3d at 459. These non-exhaustive factors include whether the fee is fixed or contingent, the time and labor required, the novelty and difficulty of the questions involved, the skill required to perform the legal services properly, the fee customarily charged in the locality for similar legal services, the amount involved and the results obtained, the time limitations imposed by the client, and the experience, reputation and ability of the lawyers performing the services. *WiFiLand, LLP v. Hudson*, 100 A.3d 450, 459 (Conn. App. Ct. 2014).

Courts may rely on their general knowledge in assessing the reasonableness of a claim for attorneys' fees. *Total Recycling*, 63 A.3d at 905. When a court is presented with a claim for attorneys' fees, including in the case of a default judgment, the proponent must present to the court a statement of the fees requested and a description of the services rendered. *Smith v. Snyder*, 839 A.2d 589, 479 (Conn. 2004). Such a rule leaves no doubt that the burden rests on the party claiming attorneys' fees and affords the opposing party an opportunity to challenge the amount requested. *Id.* Recovery of attorneys' fees is permitted "upon presentation of an attorney's bill, so long as that bill is not unreasonable upon its face and has not been shown to be unreasonable by countervailing evidence or by the exercise of the trier's own expert judgment. *Florian v. Lenge*, 880 A.2d 985, 995–96 (Conn. App. Ct. 2005) (internal quotation marks omitted). "No one can state the reasonable value of legal services as a fact . . . . The value is based upon many considerations." *Piantedosi v. Floridia*, 440 A.2d 977, 979 (Conn. 1982) (internal quotation marks omitted).

4

Praxair seeks reimbursement for 642 hours of work performed by its counsel and their staff. In total, Praxair seeks $288,867.75 in attorneys' fees for the prosecution of this matter. Praxair's fee request accounts for discounts that Praxair received from counsel at Bryan Cave and Faegre Drinker. The hourly rates, reflecting the discounts, ranged from approximately $463 to $650 for partners, $246 to $350 for associates, and $230 to $267 for support staff.

Compared to the fees customarily charged in this locality, Praxair's fees are on the higher end. *See, e.g.*, *Midwest Disability Initiative v. Nelmatt, LLC*, 344 F. Supp. 3d 1047, 1053 (D. Minn. 2018) (finding $300 to be reasonable hourly rate, rather than $425 as requested, noting that the court had difficulty finding cases in which judges have approved hourly rates exceeding $400 regardless of the complexity of the case); *see also Smith v. Hartmann's Moonshine Shoppe, LLC*, No. 17-4211, 2019 WL 4888996, at *4 (D. Minn. Oct. 3, 2019) (finding $350 hourly rate reasonable, but deducting fees for entries that bill for the same internal meeting). Additionally, enlisting six attorneys on this matter might have resulted in some redundancy of the work performed, such as the numerous "strategiz[ing]" meetings reflected in Praxair's attorney declaration describing the services rendered. *See Simms v. Chaisson*, 890 A.2d 548, 551, 558 (Conn. 2006) (affirming district court fee determination in which the district court reduced the requested fee by 20 percent because plaintiffs' employment of two attorneys resulted in some redundancy in the work performed).

The Court acknowledges that this is not a typical default-judgment case. After Irish Oxygen successfully moved to set aside the first entry of default in late 2018, the parties

litigated this matter over the next several months—including multiple non-dispositive motions and Irish Oxygen's unsuccessful appeal of a ruling by the magistrate judge—before Irish Oxygen's attorney withdrew and Praxair successfully moved a second time for default judgment. Notwithstanding these unique circumstances, the Court determines that the amount of attorneys' fees that Praxair requests, $288,867.75, is unreasonably high. In the Court's judgment, the award of *reasonable* attorneys' fees to which Praxair is entitled is $231,094.20, a 20-percent reduction of the attorneys' fees Praxair requests.

## II.     Praxair's Request for Costs

Praxair seeks to recover non-taxable costs in the amount of $20,667.99. These costs, which are not included in Praxair's Bill of Costs, relate to various binding, printing, delivery, copying, research, and travel charges. Because the documented costs appear to be reasonable, Praxair is contractually entitled to recover these expenses from Irish Oxygen.

## III.    Praxair's Request for Interest

Praxair also requests interest on all outstanding invoices at a rate of 18 percent per annum pursuant to the Product Supply Agreement. When jurisdiction is based on diversity of citizenship, the question of prejudgment interest is governed by state law. *See Trinity Prods., Inc. v. Burgess Steel, L.L.C.*, 486 F.3d 325, 335 (8th Cir. 2007); Williston on Contracts, § 66:109 (4th ed.). There is no right to interest on a disputed demand unless a contract or a statute so provides. *Tang v. Bou-Fakhreddine*, 815 A.2d 1276, 1287 (Conn. App. Ct. 2003). Interest is recoverable when based on the parties' contractual agreement. *Guaranty Bank & Trust Co. v. Dowling*, 494 A.2d 1216, 1222 (Conn. App. Ct. 1985).

6

Praxair asserts that the due date for an invoice is 30 days after the invoice date and, as of December 31, 2019, Irish Oxygen had approximately 2,000 invoices that were overdue. The overdue balance of these invoices was $661,863.04, and Irish Oxygen owes $200,328.24 in interest on the total outstanding balance, Praxair contends. Under the provisions of the Product Supply Agreement, if Irish Oxygen fails to make timely payment or is otherwise in default, Praxair "reserves the right . . . [to] assess and collect from [Irish Oxygen] a monthly late charge on any delinquent balance equal to the lesser of eighteen percent (18%) per annum or the maximum charge permitted by law."

The totality of Praxair's support for its interest calculation, stated only within its memorandum of law, is as follows:

> The interest owed by Irish Oxygen was calculated by John Davis, Central Region Controller for Praxair. To determine the calculation, Mr. Davis applied a daily interest rate of 0.04932% (18% per annum) to the number of days past due as of December 31, 2019, by calculating the dates between December 31, 2019 and when the invoice was due.

There is neither an affidavit from Davis nor any other evidentiary support in the record for this amount. Praxair's naked assertion is insufficient, particularly as there are more than 2,000 overdue invoices. *Cf. Datalink Corp. v. Perkins Eastman Architects, P.C.*, No. 13-cv-2978, 2015 WL 3607784, at *12 (D. Minn. June 8, 2015) (explaining that interest calculation was inadequate because plaintiff did "not carefully lay out its calculation of the ultimate damages award" and it was "unclear to the Court what portion of the total $402,868.23 sum began to accrue interest at what time, since [plaintiff] sent several invoices for goods and services rendered at different times, and interest only begins

7

accruing 30 days from the date the invoice is due"). Praxair provides no evidence to support the calculations referenced in its memorandum of law, let alone details from which the Court can verify the accuracy of those calculations.

Moreover, Praxair asserts that the due date for an invoice is 30 days after the invoice date. At least one invoice in the record provides for payment terms of "Net 30 Days." Yet the Product Supply Agreement that Praxair provides as the legal basis for interest states that "[t]erms of payment will be net ten (10) days following date of invoice." This inconsistency, along with Praxair's assertion that its claims are based on *two* agreements executed by the parties, supports the conclusion that some of the debt that Irish Oxygen owes is not attributable to the Product Supply Agreement. As alleged in Praxair's complaint, Praxair's claims are based on a Distributor Agreement, the Product Supply Agreement, and numerous "Riders." Each Rider is part of either the Distributor Agreement or the Product Supply Agreement for the Irish Oxygen customer to which it applies. The Product Supply Agreement provides Praxair the right to assess and collect from Irish Oxygen "the lesser of eighteen percent (18%) per annum or the maximum charge permitted by law." But there is no record of a similar right to assess and collect contractual interest under the Distributor Agreement. Without evidence to support the interest calculation, the date when interest began to accrue, or the agreement from which it is derived, Praxair fails to prove to a reasonable degree of certainty the amount of contractual interest to which it is entitled. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 819 (8th Cir. 2001) (when seeking a default judgment, a party must prove the amount of damages to which it is entitled "to a reasonable degree of certainty").

8

After the Court denied Praxair's initial request for attorneys' fees and interest because the Court could not discern the legal basis and governing law, Praxair's failure to articulate its basis for interest under the various agreements is inexcusable.[1]  Accordingly, Praxair's request for interest as asserted under the Product Supply Agreement is denied.[2]

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Praxair Distribution, Inc.'s supplemental request for attorneys' fees, non-taxable costs, and interest, (Dkt. 132), is **GRANTED IN PART** and **DENIED IN PART** as addressed herein.

2. Plaintiff Praxair Distribution, Inc., is awarded attorneys' fees in the amount of $231,094.20 and non-taxable costs in the amount of $20,667.99.

3. Plaintiff Praxair Distribution, Inc.'s motion for continued sealing, (Dkt. 135), is **GRANTED**.  The Clerk of Court is directed to maintain Docket Number 133 under seal.

Dated:  August 19, 2020               s/Wilhelmina M. Wright
                                      Wilhelmina M. Wright
                                      United States District Judge

---

[1]  On multiple occasions, Praxair states that it is willing to provide either additional information, billing records, invoices, or other evidence the Court may require.  It is Praxair's burden, and Praxair's alone, to prove the amount of damages to which it is entitled.  The Court declines Praxair's implicit invitation to play "Twenty Questions."

[2]  Although the Court can determine Praxair's reasonable attorneys' fees incurred while enforcing the terms of the Product Supply Agreement because those expenditures are indivisible from those incurred while enforcing the terms of the Distributor Agreement, the same is not true for Praxair's request for contractual interest.